IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DEVON TYLER BARBER, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-06206-KMW-EAP |
| JOSEPH HARDEMON, JR., *et al.*, | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on the motion of plaintiff Devon Tyler Barber ("Plaintiff") seeking to reopen this matter with leave to file an amended complaint; and

**WHEREAS** Plaintiff, proceeding *pro se*, filed his complaint in this action on October 21, 2022, together with an application to proceed *in forma pauperis* (ECF No. 1); and

**WHEREAS** at the time Plaintiff initiated this case, he was incarcerated at the Atlantic County Jail in Mays Landing, New Jersey (ECF Nos. 1-1, 1-3); and

**WHEREAS** on November 3, 2022—less than two weeks after Plaintiff initiated this case —the Clerk of Court was notified that a Notice of Judicial Preferences previously mailed to Plaintiff was returned as undeliverable; and

**WHEREAS** after a year passed without any correspondence from Plaintiff, the Court entered an Order on November 3, 2023 administratively terminating this action under Local Civil Rule 10.1(a), and directing Plaintiff to notify the Court of his new address within 30 days; and

**WHEREAS** Plaintiff did not update his address or otherwise contact the Court within that time; and

**WHEREAS** on December 20, 2023, the Court entered a Memorandum Opinion and Order dismissing this case for lack of prosecution and directing the Clerk to close this matter[1] (ECF No. 5); and

**WHEREAS** on September 2, 2025—nearly two years after this case was dismissed—Plaintiff filed a Notice of Change of Address (ECF No. 7), a renewed application to proceed *in forma pauperis* (the "IFP Application") (ECF No. 6-1), and the instant motion seeking to reopen this case with leave to file an amended complaint (ECF No. 9); and

**THE COURT FINDING** that Plaintiff has failed to show good cause for reopening this matter[2];

**THE COURT FURTHER FINDING** that, even if the Court were to consider the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), those factors, on balance, weigh in favor of keeping this matter closed, namely: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the

---

[1] "A district court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." *Azubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007). Such a dismissal is warranted where a litigant fails to keep the Court apprised of any change to his mailing address, as required by Local Civil Rule 10.1(a). *See McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

[2] In his motion, Plaintiff states that at the time the Court entered its prior orders in 2023, he "was under probation supervision, intermittently incarcerated, and without stable housing, preventing reliable receipt of court mail." (ECF No. 9 at 1.) But even taken at face value, that assertion explains, at most, why Plaintiff may not have received the Court's orders after they were entered. It does not explain Plaintiff's failure to keep the Court apprised of his current address, which remained his responsibility throughout the pendency of this action. Nor does it explain why, after filing his Complaint, Plaintiff took no further action to prosecute this matter until filing the instant motion in September 2025. The docket reflects not intermittent diligence, but complete inactivity: Plaintiff filed his complaint, took no further action for nearly three years, and now seeks to revive his case. Because Plaintiff offers no persuasive explanation for either his failure to update his address or his prolonged inaction, he has failed to show good cause to reopen this matter. *See Pinkney v. New Jersey Dep't of Corr.*, No. 23-20720, 2026 WL 207254, at *2 (D.N.J. Jan. 27, 2026) (denying motion to reopen where plaintiff failed to explain either his failure to update his address or his sixteen months of inaction following dismissal for failure to do so); *Bragg v. Patterson*, No. 15-cv-6292, 2017 WL 548945, at *1 (D.N.J. Feb. 10, 2017) (same, where plaintiff failed to justify his failure to update his address and his eight months of post-dismissal inactivity).

2

attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense[3];

THEREFORE, it is this 30th day of April 2026 hereby

ORDERED as follows:

A.  Plaintiff's motion (ECF No. 9) is DENIED.

B.  Plaintiff's IFP Application (ECF No. 6-1) is DENIED AS MOOT.

C.  This case shall remain CLOSED.

D.  The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff at his current address of record, notwithstanding Plaintiff's recent consent to electronic service (ECF No. 6-4.)

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[3] The Court was not required to consider the *Poulis* factors when it dismissed this matter. *See McLaren*, 462 F. App'x at 149 (permitting dismissal without considering *Poulis* factors when plaintiff cannot be contacted because he failed to keep his address current with the court). Nevertheless, even if the Court were to consider those factors now, they would confirm that dismissal was proper and that there is no sound basis to reopen this case. Plaintiff alone bore responsibility for maintaining a current address and prosecuting this action, yet the record reflects dilatoriness so pronounced as to amount to abandonment. Plaintiff's reference to periodic incarceration does not diminish that responsibility, particularly given that he was able to initiate this very action while incarcerated. Moreover, Plaintiff's current IFP Application reveals that from May 2024 through May 2025, he was not incarcerated but gainfully employed. (ECF No. 6-1 at 2.) Yet even during that period, he took no action to pursue this case or even inquire into its status. On this record, Plaintiff's failure to prosecute appears willful rather than merely inadvertent. The extraordinary passage of time also creates the obvious risk of prejudice associated with stale claims, faded memories, and an undeveloped record. Because no lesser sanction appears likely to be effective, the *Poulis* factors would favor leaving this matter closed. *See Pinkney*, 2026 WL 207254, at *2.